UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DONALD CHATMAN,

    Petitioner,    Case No. 2:09-cv-153

v.    HON. R. ALLAN EDGAR

MICHAEL CURLEY,

    Respondent.

_____/

## MEMORANDUM AND ORDER

  This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with a dangerous weapon and felon in possession of a firearm. Petitioner was sentenced to 2 ½ years to 15 years on those convictions. Petitioner is also serving a 2 year consecutive sentence for his felony firearm convictions. Petitioner was convicted on July 31, 2007, after he pleaded guilty to the charges. On January 30, 2008, the Michigan Court of Appeals denied petitioner's delayed application to appeal. The Michigan Supreme Court denied leave to appeal on June 23, 2008.

  One ground for relief is raised in the petition:

> The trial court denied petitioner the right to meaningful allocution by failing to ascertain evidence of the causes of defendant's criminal character or conduct.

  Petitioner alleges that during sentencing the trial court failed to allow him a meaningful allocution. The record does not support Petitioner's claim. After Petitioner's counsel addressed the court, which included making a statement that the presentence report was reviewed

by Petitioner, Petitioner was provided an opportunity to speak. The court asked if Petitioner had anything to say before sentencing.

> THE DEFENDANT: Yes, your Honor. I just want to say that, you know, I'm at the point now to where I'm burned out. I mean I'm tired and weary now, and I realize I can't do this no more. She [defense counsel] pretty much said it all about my daughters.
>
> I just want to live a nice, normal, regular life. You know, be there for my daughters. And prior to this I was– I'm trying to like work towards trying to be a better person. But I just, you know, didn't handle this in the right way.
>
> THE COURT: It's hard work.
>
> THE DEFENDANT: And I wasn't like acting out of anger or trying to be tough or anything. It just - - You know, feel real stupid for what I did. And I just want to live a normal, regular life. But, you know, I can't do this no more. And I regret doing this.
>
> THE COURT: All right.
>
> THE DEFENDANT: And I just, you know, like if it's possible, I just ask the court for some leniency if it's possible, your Honor.

Sentencing Hearing transcript at 4, Docket #10.

It is clear that Petitioner had the opportunity to present any evidence or testimony he felt was necessary during the sentencing hearing. In fact, Petitioner did just that. Moreover, there exists no federal or Constitutional right to allocution. *Pasquarille v. United*, 130 F.3d 1220, 1223 (6th Cir. 1997), citing *Hill v. United States*, 368 U.S. 424, 428 (1962). Moreover, to the extent that petitioner may have a right to allocution under Michigan law, such a claim cannot support a federal habeas corpus application. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).

In conclusion, the court will deny Petitioner's habeas corpus petition in it's entirety. In addition, if Petitioner should choose to appeal this action, a certificate of appealability will be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The court concludes that for the reasons set forth above, reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

Dated:     9/21/2012               */s/ R. Allan Edgar*
                                   R. Allan Edgar
                                   United States District Judge